UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| HAMILTON SANDOVAL-OSEGURA, Individually and on behalf of all others similarly situated<br><br>*Plaintiff,*<br><br>v.<br><br>HARVEY PALLETS MANAGEMENT GROUP, LLC,<br><br>*Defendant.* | § § § § § § § § § § § § § | Civil Action No. 19-0096<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. §216(b)<br><br>CLASS ACTION PURSUANT TO FED. R. CIV. P. 23(b)(3) |

**ORIGINAL COLLECTIVE/CLASS ACTION COMPLAINT**

Plaintiff Hamilton Sandoval-Osegura ("Plaintiff" or "Sandoval-Osegura") brings this action individually and on behalf of all others similarly situated (hereinafter "Plaintiff and the Putative Class Members") who worked for Harvey Pallets Management Group, LLC (hereinafter "Defendant" or "Harvey Pallets"), at any time during the relevant statutes of limitations through the final disposition of this matter seeking all available relief, including compensation, liquidated damages, attorneys' fees, and costs, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201, *et seq.*, and pursuant to the Missouri Act, MO. REV. STAT. §§ 290.500, *et seq.*

Plaintiff's FLSA claims are asserted as a collective action under Section 16(b) of the FLSA while his Missouri state-law claims are asserted as a class action under Federal Rule of Civil Procedure 23(b)(3) ("Rule 23").

**I.
OVERVIEW**

1.  This is a collective action to recover unpaid minimum wage, overtime wages and liquidated damages brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and a class action pursuant to the laws of the State of Missouri.

2. Plaintiff and the Putative Class Members are those similarly situated persons who have worked for Harvey Pallets at any time during the relevant statutes of limitations through the final disposition of this matter, were paid a piece rate, and have not been paid for all hours worked, minimum wage, or the correct amount of overtime in violation of state and federal law.

3. Specifically, Harvey Pallets has enforced a uniform company-wide policy wherein it improperly required (and continues to require) its hourly employees—Plaintiff and the Putative Class Members—to perform work off-the-clock and without pay.

4. In addition, Harvey Pallets paid (and pays) Plaintiff and the Putative Class Members' a piece rate for completing discrete tasks, but failed to pay Plaintiff and the Putative Class Members any overtime compensation although Plaintiff and the Putative Class Members regularly worked over forty hours each workweek.

5. Harvey Pallets also docked Plaintiff and the Putative Class Members' weekly wages during any workweeks they missed a day of work due to sickness (or for any other reason) by half.

6. Harvey Pallet's illegal company-wide policies have caused Plaintiff and the Putative Class Members to have hours worked that were not compensated, to have overtime hours that are not compensated at a rate of time and one half their regular rates of pay, and has also caused their wages to fall below the federal minimum wage during some or all workweeks.

7. Although Plaintiff and the Putative Class Members routinely worked in excess of forty (40) hours per workweek, Plaintiff and the Putative Class Members have not been paid overtime of at least one and one-half their regular rates for all hours worked in excess of forty (40) hours per workweek, not have they been paid minimum wage for all hours worked.

8. Harvey Pallets knowingly and deliberately failed to compensate Plaintiff and the Putative Class Members for all hours worked, at the mandated minimum wage, and the proper amount of overtime each workweek on a routine and regular basis during the relevant time period.

9. Plaintiff and the Putative Class Members did not and currently do not perform work that meets the definition of exempt work under the FLSA or the state law of Missouri.

10. Plaintiff and the Putative Class Members seek to recover all unpaid minimum wages, overtime, liquidated damages, and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b), and to recover all damages owed under their Missouri state-law claims as a class action pursuant to Rule 23.

11. Plaintiff prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

12. Plaintiff also prays that the Rule 23 class is certified as defined herein, and that Plaintiff Sandoval-Osegura designated herein be named as Class Representative for the Missouri Class.

## II.
## THE PARTIES

13. Plaintiff Hamilton Sandoval-Osegura ("Sandoval-Osegura") was employed by Harvey Pallets within the relevant time periods. Plaintiff Sandoval-Osegura did not receive minimum wages or the proper overtime compensation for all hours worked in excess of forty (40) hours per workweek.[1]

14. The FLSA Collective Members are those current and former piece-rate workers who were employed by Harvey Pallets at any time from January 24, 2016 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Sandoval-Osegura worked and was paid.

---

[1] The written consent of Hamilton Sandoval-Osegura is hereby attached as Exhibit "A."

15. The Missouri Act Class Members are those current and former piece-rate workers who were employed by Harvey Pallets in the State of Missouri at any time from January 24, 2017 through the final disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Sandoval-Osegura worked and was paid.

16. Defendant Harvey Pallets Management Group, LLC ("Harvey Pallets" or "Defendant") is a foreign limited liability company, licensed to and doing business in Missouri, and may be served with process through its registered agent: **Sean Packo, 2198 Chapin Industrial Drive, Saint Louis, MO 63114.**

## III.
## JURISDICTION AND VENUE

17. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

18. This Court has supplemental jurisdiction over the additional state law claims pursuant to 28 U.S.C. § 1367.

19. This Court has personal jurisdiction over Harvey Pallets because the cause of action arose within this District and Division as a result of Harvey Pallets' conduct within this District and Division.

20. Venue is proper in the Eastern District of Missouri because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

21. Specifically, Harvey Pallets has maintained a working presence throughout the State of Missouri, and Plaintiff Sandoval-Osegura worked for Harvey Pallets in St. Louis, Missouri, all of which are located within this District and Division.

22. Venue is proper in this this Court pursuant to 28 U.S.C. § 1391.

## IV.
## ADDITIONAL FACTS

23. Harvey Pallets provides wooden shipping pallets to its clients across the United States and claims to have "more than two billion pallets in circulation at any given time in the United States."[2]

24. Plaintiff and the Putative Class Members' job duties consisted of removing wooden pallets from a conveyor belt, stacking them, and performing any necessary repairs on the pallets if they were damaged.

25. Plaintiff Sandoval-Osegura was employed by Harvey Pallets as a pallet repairer in St. Louis, Missouri from approximately October 2017 to July 2018.

26. Plaintiff and the Putative Class Members are non-exempt employees paid a piece-rate—that is, they were paid a set rate for each pallet on which they performed work.

27. Specifically, Plaintiff was paid a rate of approximately $0.40 per pallet.

28. However, Harvey Pallets impermissibly reduced the weekly pay of any employee who missed work for any reason by half. *See* 29 C.F.R. § 778.307.

29. Plaintiff and the Putative Class Members' duties did not (and currently do not) include managerial responsibilities or the exercise of independent discretion or judgment.

30. Plaintiff and the Putative Class Members did not have the authority or discretion to vary or change their proscribed job duties.

31. Plaintiff and the Putative Class Members did not have the authority to bind or represent the company financially.

32. Plaintiff and the Putative Class Members did not (and currently do not) have the authority to hire or fire other employees.

---

[2] http://harveypallets.com/wp/?page_id=60

33. Plaintiff and the Putative Class Members were not (and currently are not) responsible for making decisions regarding salary, pay, or other administrative matters.

34. Plaintiff and the Putative Class Members' duties did not (and currently do not) concern work directly related to the management or general business operation of Harvey Pallets and/or its customers.

35. Rather, Plaintiff and the Putative Class Members were blue-collar factory workers.

36. In addition to their duties as stackers, Plaintiff and the Putative Class were required to remain at Harvey Pallet's facility up to an hour each day after their shifts had ended in order to clean Harvey Pallets' warehouse.

37. Harvey Pallets did not compensate Plaintiff and the Putative Class for these cleaning activities.

38. Plaintiff Sandoval-Osegura worked an average of forty-five (45) hours per week, but did not receive: (1) the federal minimum wage in some or all workweeks, (2) compensation for all hours worked, or (3) overtime compensation at the required rate of time-and-one-half of his regular rate of pay for all hours worked over forty (40) each week.

39. Harvey Pallets has employed other individuals who perform(ed) the same or similar job duties under the same pay provisions as Plaintiff.

40. Harvey Pallets applied its illegal pay practices despite clear and controlling law that states that non-exempt employees paid by the piece—Plaintiff and the Putative Class Members—are entitled to receive overtime compensation at one and one half times their regular rates of pay for all hours worked over forty (40) in a single workweek. *See* 29 C.F.R. § 778.111.

41. Harvey Pallets is aware of its obligation to pay for all hours worked, minimum wage for all hours worked, and the proper amount of overtime for all hours worked in excess of forty (40) each week, but has failed to do so.

42. Because Harvey Pallets did not pay Plaintiff and the Putative Class Members for all hours worked, minimum wage for all hours worked, and time and a half for all hours worked in excess of forty (40) in a workweek, Harvey Pallets' pay policies and practices violate the FLSA.

43. Because Harvey Pallets did not pay Plaintiff and the Putative Class Members for all hours they worked on behalf of Harvey Pallets, Harvey Pallets' pay policies and practices also violate Missouri state law.

## V.
## CAUSES OF ACTION

### COUNT ONE
**(Collective Action Alleging FLSA Violations)**

**A.    FLSA COVERAGE**

44. All previous paragraphs are incorporated as though fully set forth herein.

45. The FLSA Collective is defined as:

**ALL INDIVIDUALS WHO WERE EMPLOYED BY HARVEY PALLETS MANAGEMENT GROUP, LLC, AND WERE PAID BY THE PIECE AT ANY TIME FROM JANUARY 24, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

46. At all times hereinafter mentioned, Harvey Pallets has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

47. At all times hereinafter mentioned, Harvey Pallets has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

48. At all times hereinafter mentioned, Harvey Pallets has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely

related process or occupation directly essential to the production thereof, and in that those enterprises have had, and have, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

49. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Harvey Pallets, these individuals provided services for Harvey Pallets that involved interstate commerce for purposes of the FLSA.

50. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members were engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

51. Specifically, Plaintiff and the FLSA Collective Members have been non-exempt employees of Harvey Pallets who participated in the production of pallets intended for use throughout the United States. 29 U.S.C. § 203(j).

52. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members are (or were) individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

53. The proposed collective of similarly situated employees, i.e. putative collective members sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 45.

54. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Harvey Pallets.

**B.     FAILURE TO PAY WAGES AND OVERTIME UNDER THE FLSA**

55. Harvey Pallets violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206–07, and 215(a)(2) by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty

(40) hours without compensating such non-exempt employees at the statutorily required minimum wage and without compensating those non-exempt employees for hours worked in excess of forty (40) hours per week at rates at least one and one-half times the regular rates for which they were employed.

56. Moreover, Harvey Pallets knowingly, willfully and in reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees overtime compensation and minimum wage. 29 U.S.C. § 255(a).

57. Harvey Pallets knew or should have known its pay practices were in violation of the FLSA.

58. Harvey Pallets is a sophisticated party and employer, and therefore knew (or should have known) its policies were in violation of the FLSA.

59. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated laborers who trusted Harvey Pallets to pay overtime and minimum wage in accordance with the law.

60. The decision and practice by Harvey Pallets to not pay overtime and minimum wage was neither reasonable nor in good faith.

61. Accordingly, Plaintiff and the FLSA Collective Members are entitled to minimum wage for all hours worked, and overtime wages for all hours worked in excess of forty (40) in a workweek pursuant to the FLSA in an amount equal to one-and-a-half times their regular rate of pay, plus liquidated damages, attorneys' fees and costs.

**C.    COLLECTIVE ACTION ALLEGATIONS**

62. All previous paragraphs are incorporated as though fully set forth herein.

63. Pursuant to 29 U.S.C. § 216(b), this collective claim is made on behalf of all of Harvey Pallets' employees who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they have not been paid.

64. Other similarly situated employees have been victimized by Harvey Pallets' patterns, practices, and policies, which are in willful violation of the FLSA.

65. The FLSA Collective Members are defined in Paragraph 45.

66. Harvey Pallets' failure to pay Plaintiff and the FLSA Collective Members for all hours worked, minimum wage for all hours worked, and overtime compensation at the rates required from the FLSA, results from generally applicable policies and practices of Harvey Pallets and does not depend on the personal circumstances of Plaintiff or the individual FLSA Collective Members.

67. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

68. The specific job titles or precise job requirements of the various FLSA Collective Members does not prevent collective treatment.

69. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be properly compensated, at a rate not below the federal minimum wage, for all hours worked and are entitled to overtime compensation for all hours worked in excess of forty (40) hours per workweek.

70. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

71. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Harvey Pallets will retain the proceeds of its rampant violations.

72. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

73. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 45 and notice should be promptly sent.

## COUNT TWO
### (Class Action Alleging Violations of the Missouri Act)

**A. MISSOURI ACT COVERAGE**

74. All previous paragraphs are incorporated as though fully set forth herein.

75. The Missouri Act Class is defined as:

**ALL INDIVIDUALS WHO WERE EMPLOYED BY HARVEY PALLETS MANAGEMENT GROUP, LLC, IN THE STATE OF MISSOURI AND WERE PAID BY THE PIECE AT ANY TIME FROM JANUARY 24, 2017 THROUGH THE FINAL DISPOSITION OF THIS MATTER ("Missouri Class" or "Missouri Class Members").**

76. At all times hereinafter mentioned, Harvey Pallets has been an employer within the meaning of the Missouri Act, R. S. Mo. § 290.500(4).

77. At all times hereinafter mentioned, Plaintiff Sandoval-Osegura and the Missouri Class Members have been employees within the meaning of the Missouri Act, R. S. Mo. § 290.500(3).

**B. FAILURE TO PAY WAGES IN ACCORDANCE WITH THE MISSOURI ACT**

78. All previous paragraphs are incorporated as though fully set forth herein.

79. Harvey Pallets owes Plaintiff Sandoval-Osegura and the Missouri Class Members wages, as defined in section 290.500(7) of the Act, to compensate them for labor and services they provided to Harvey Pallets in the furtherance of their job duties. *See* R. S. Mo. § 290.500(7).

80. Plaintiff Sandoval-Osegura and the Missouri Class Members are not exempt from receiving the applicable minimum wage and overtime benefits under the Missouri Act.

81. Plaintiff Sandoval-Osegura and the Missouri Class Members worked more than forty (40) hours in workweeks during times relevant to this complaint, however, Harvey Pallets violated the Missouri Act by failing to pay Plaintiff and the Missouri Class Members for all hours worked on Harvey Pallets' behalf, for failing to pay the applicable minimum wage for all hours worked, and for failing to pay the correct amount of overtime (or indeed any overtime at all) for all hours worked over forty (40) per week. *See* R. S. MO. §§ 290.502, 290.505.

82. Despite the Missouri Act's requirement that employers like Harvey Pallets pay the minimum wage as set by the State of Missouri, Harvey Pallets failed to comply with the applicable Missouri law.[3] *See* R. S. MO. §§ 290.502.

83. Plaintiff Sandoval-Osegura and the Missouri Class Members have suffered damages and continue to suffer damages as a result of Harvey Pallets' acts or omissions as described herein; though Harvey Pallets is in possession and control of necessary documents and information from which Plaintiff would be able to precisely calculate damages.

84. The Missouri Act provides that Plaintiff Sandoval-Osegura and the Missouri Class Members are entitled to recover the unpaid wages and an equal amount as liquidated damages. *See* R. S. MO. §§ 290.527.

85. In violating the Missouri Act, Harvey Pallets acted willfully and with reckless disregard of clearly applicable Missouri law.

86. The proposed class of employees, i.e. putative class members sought to be certified pursuant to the Missouri Act, is defined in Paragraph 75.

---

[3] Harvey Pallets was required to pay Plaintiff and the Putative Class Members a minimum wage of $7.70 for all hours worked in 2017, $7.85 for all hours worked in 2018, and $8.60 for all hours worked in 2019. *See* https://labor.mo.gov/DLS/MinimumWage.com.

87. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee or personnel records of Harvey Pallets.

**C.  MISSOURI ACT CLASS ALLEGATIONS**

88. Plaintiff Sandoval-Osegura brings his Missouri Act claims as a class action pursuant to Rule 23 on behalf of all similarly situated individuals employed by Harvey Pallets to work in Missouri since January 24, 2017.

89. Class action treatment of Plaintiff Sandoval-Osegura's Missouri Act claims is appropriate because, as alleged below, all of Rule 23's class action requisites are satisfied.

90. The number of Missouri Class Members is so numerous that joinder of all class members is impracticable.

91. Plaintiff Sandoval-Osegura is a member of the Missouri Class, his claims are typical of the claims of the Missouri Class Members, and he has no interests that are antagonistic to or in conflict with the interests of the Missouri Class Members.

92. Plaintiff Sandoval-Osegura and his counsel will fairly and adequately represent the Missouri Class Members and their interests.

93. Class certification is appropriate under Federal Rule of Civil Procedure 23(b)(3) because common questions of law and fact predominate over questions affecting only individual class members and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation.

94. Accordingly, the Missouri Class should be certified as defined in Paragraph 75.

## VI.
## RELIEF SOUGHT

Plaintiff respectfully prays for judgment against Harvey Pallets as follows:

   a. For an Order certifying the FLSA Collective as defined in Paragraph 45 and requiring Harvey Pallets to provide the names, addresses, e-mail addresses, telephone numbers, and

social security numbers of all putative collective action members;

  b. For an Order certifying the Missouri Act Class as defined in Paragraph 75 and designating Plaintiff Sandoval-Osegura as the Class Representative for the Missouri Act Class;

  c. For an Order approving the form and content of a notice to be sent to all putative FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

  d. For an Order pursuant to Section 16(b) of the FLSA finding Harvey Pallets liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), civil penalties, and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

  e. For an Order pursuant to Missouri law awarding Plaintiff Sandoval-Osegura and the Missouri Act Class Members unpaid wages and other damages allowed by law;

  f. For an Order awarding the costs and expenses of this action;

  g. For an Order awarding attorneys' fees;

  h. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

  i. For an Order awarding Plaintiff Sandoval-Osegura a service award as permitted by law;

  j. For an Order compelling the accounting of the books and records of Harvey Pallets, at Harvey Pallets' expense; and

  k. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 24, 2019                              Respectfully submitted,

                                                      **LAW OFFICES OF KENNEDY HUNT, P.C.**

By:   */s/ Sarah Jane Hunt*
      Sarah Jane Hunt (63899MO)
      906 Olive Street, Suite 200, St. Louis, MO 63101
      Phone: (314) 872-9041
      Fax: (314) 872-9043
      sarahjane@kennedyhuntlaw.com

      **ANDERSON ALEXANDER, PLLC**

By:   */s/ Clif Alexander*
      **Clif Alexander** *(Pro Hac Vice Anticipated)*
      Federal I.D. No. 1138436
      Texas Bar No. 24064805
      clif@a2xlaw.com
      **Austin W. Anderson** *(Pro Hac Vice Anticipated)*
      Federal I.D. No. 777114
      Texas Bar No. 24045189
      austin@a2xlaw.com
      819 N. Upper Broadway
      Corpus Christi, Texas 78401
      Telephone: (361) 452-1279
      Facsimile: (361) 452-1284

      ***Attorneys for Plaintiff and the Putative Class Members***