UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| **HAMILTON SANDOVAL-OSEGURA**, | ) | Case No. 4:19-CV-00096-AGF |
| Individually and on behalf of all others | ) | |
| similarly situated, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | COLLECTIVE ACTION |
| v. | ) | PURSUANT TO 29 U.S.C. §216(b) |
| | ) | |
| **HARVEY PALLETS MANAGEMENT** | ) | |
| **GROUP, LLC**, | ) | CLASS ACTION PURSUANT |
| | ) | TO FED. R. CIV. P. 23(b)(3) |
| Defendant. | ) | |

**MEMORANDUM AND ORDER AWARDING ATTORNEY FEES**

This matter is before the Court on Plaintiff's motion, on behalf of Class Counsel, for an award of $90,000 in attorney fees and litigation expenses as part of a collective and class action settlement totaling $140,000. In light of the unique circumstances of this case, the motion will be granted.

Plaintiff Hamilton Sandoval-Osegura filed this case on January 24, 2019 under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 *et seq.*, and Missouri wage-and-hour statutes, Mo. Rev. Stat. § 290.500 *et seq.*, alleging that Defendant Harvey Pallets Management Group failed to properly compensate its pallet repair workers. Plaintiff is represented by the law firm of Anderson Alexander of Corpus Christi, Texas.[1] Counsel's fee agreement with Plaintiff provides for a contingency fee of 40% of any recovery, plus expenses.

---

[1] The St. Louis law firm Kennedy Hunt is also entered in this matter. Plaintiff does not request fees on its behalf.

Plaintiff's original complaint alleged that Defendant failed to pay overtime rates, required workers to perform certain duties off the clock, and docked wages for sick leave. However, after informal discovery and a full analysis of payroll data, Class Counsel determined that Plaintiff's claims were more accurately characterized as time clock rounding errors.  On January 16, 2020, the parties participated in mediation and achieved a settlement of $140,000 for the release of all claims.  The settlement was reduced to writing and fully executed on April 6, 2020.  Pursuant to the Settlement Agreement, the Plaintiff Class Members would receive 100% of their unpaid wages, two Class Representatives would receive a service award totaling $5,000, the Settlement Administrator would receive a fee of $13,683, and Class Counsel would request no more than $90,000 in fees and litigation expenses.[2]

On April 23, 2020, Plaintiff filed an amended complaint revised to align with the scope of the Settlement encompassing state statutory claims for workers in Iowa and Michigan in addition to Missouri.  On May 8, 2020, Plaintiff filed a motion for preliminary approval and accompanying documents, including a draft Notice and timeline for notice to Class Members. Finding certain deficiencies in the Notice and timeline, the Court denied the motion and directed the parties to expand the timeline and revise various provisions of the Notice.  On September 25, 2020, Plaintiff filed an amended motion for preliminary approval with revised documents.  On October 14, 2020, Plaintiff filed a second amended complaint reflecting revisions to the Class Period and replacing all state statutory claims with common law claims of *quantum meruit*.  On November 20, 2020, Plaintiff filed an Amendment to the Settlement Agreement reflecting the revised Class Period and timeline.  After ordering further revisions

---

[2]        Capitalized terms correspond to those defined in the Settlement Agreement.

to the Notice (ECF No. 49), the Court preliminarily approved the Settlement on December 21, 2020.  ECF No. 50.

Notice to Class Members was conducted in accordance with the Settlement and this Court's Order of Preliminary Approval.  On April 26, 2021, Plaintiff's filed a motion for final approval of the Settlement together with the present motion for attorney fees.  On May 24, 2021, the Court held a hearing by videoconference to assess the fairness of the Settlement and the reasonableness of Class Counsel's request for fees.  The Court approved the Settlement in a separate judgment issued concurrent herewith.  As relevant to the present motion, the Court reviewed Counsel's declarations and billing statements (ECF Nos. 53-2, 58, 62) and queried Counsel at length during the fairness hearing.  The record reflects that Counsel recorded 396.5 billable hours at hourly rates of $350 to $500 for lawyers and $125 for paralegals, for a total of $151,575.  After discussion on the record regarding some inefficiencies observed by the Court or otherwise reflected in the billing statements, Counsel voluntarily wrote off 105.8 hours ($41,707.50), resulting in an adjusted lodestar of $109,867.50.  Additionally, Counsel incurred $8,108.65 in litigation expenses.

Counsel submits that its fees are reasonable and appropriate particularly given that the award sought is less than Counsel's lodestar and expenses.  Counsel further maintains that the award is appropriate considering factors such as the difficulty of the case, the skill required, the result obtained, the opportunity cost, and customary fees in similar cases.  In support of these factors, Counsel has submitted the qualifications of attorneys assigned to this case as well as several orders from other district courts awarding fees ranging from 25% to 48% of settlement funds.  ECF No. 51-3.  Counsel also notes that Class Members will receive 100% of their unpaid wages.  More specifically, after all deductions from the Settlement Fund (i.e., Administrator fee

3

and incentive payments to Class Representatives, and assuming the maximum award of attorney fees), Counsel estimates that $31,317 will remain for pro rata distribution to Class Members.[3]

The starting point for determining a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate, i.e. the lodestar. *Quigley v. Winter*, 598 F.3d 938, 956 (8th Cir. 2010). This calculation provides an objective basis for an initial estimate of the value of a lawyer's services. *Id*. Other factors to be considered are:

> (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill requisite to perform the legal services properly, (4) the preclusion of other employment due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation and ability of the attorneys, (10) the undesirability of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*Rawa v. Monsanto Co.*, 4:17CV01252 AGF, 2018 WL 2389040, at *8 (E.D. Mo. May 25, 2018), *aff'd*, 934 F.3d 862 (8th Cir. 2019) (citing *Johnson v. Georgia Highway Express*, 488 F.2d 714, 719-20 (5th Cir. 1974)). A district court's review of attorney fees included as part of a settlement agreement requires a certain level of deference to the parties' agreement.[4] *Melgar v. OK Foods*, 902 F.3d 775, 779 (8th Cir. 2018).

The Court finds that Counsel's hourly rates of $500 for partners and $350-400 for associates are reasonable in light of prevailing rates in the community. And although the Court

---

[3]   As a practical matter, due to the absence of 31 Class Members whose Notice Packets could not be delivered even after tracing, remaining Class Members who opt into the Settlement will likely recover more than 100% of their unpaid wages.

[4]   The attorney fees in this case were calculated as part of the settlement fund. As such, Eighth Circuit precedent limiting the Court's authority to approve or reduce the award does not apply. See *Amanda Del Toro, et al. v. Centene Management Company, LLC*, 4:19-CV-02635-JAR, 2021 WL 1784368, at *2 (E.D. Mo. May 5, 2021) (discussing *Barbee v. Big River Steel, LLC*, 927 F.3d 1024, 1027 (holding that judicial approval of FLSA settlements does not extend to the review of separately settled attorney fees)).

initially had concerns about the fee-to-recovery ratio, ultimately the Court concludes that Counsel's request is reasonable given the entirety of circumstances in this case.  An award of $90,000 represents only 59% of Counsel's actual time investment and 82% of Counsel's adjusted lodestar (or 74.5% excluding expenses).  Counsel possesses expertise in the subject matter and assumed considerable risk and opportunity cost in pursuing the Class's claims, which evolved in substance from the time of filing to settlement based on informal discovery exchanged in preparation for mediation.  Counsel secured an exceptionally positive result for the Class insofar as the Settlement provides for 100% recovery of all Class Members' unpaid wages.

The Court is mindful that Counsel's request represents 64% of the Settlement Fund, which far exceeds its contractual contingency fee and other awards in similar cases cited in support of the present motion.  In this particular case, however, the Court finds that a percentage analysis does not accurately reflect the demands of this case as illustrated by Counsel's detailed billing statements and, further, that applying the percentage method here would undermine the important public purpose of fee awards in class actions involving small individual claims.  Rather, the Court gives great weight to Counsel's adjusted lodestar, the resulting multiplier (0.82 at best), the full recovery achieved for the Class, and the fact that all parties agreed to the award as part of the Settlement.  *See Melgar*, 902 F.3d at 779-780 (enforcing a fee award negotiated as part of the settlement notwithstanding a high fee-to-recovery ratio where the lodestar far exceeded the request).  Nonetheless, cognizant that this award is highly atypical as a percentage, this opinion should not be cited as endorsing any attorney fee award constituting such a substantial portion of a settlement fund.  That is not the basis for the Court's award here.  On the contrary, the Court approves the fee notwithstanding the fee-to-recovery ratio, in light of the lodestar and other compelling factors.

5

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's unopposed motion for attorney fees in the

amount of $90,000 is **GRANTED**.

_____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 8th day of June 2021.

6